UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | Case No. 1:13CR00129-2 |
| | § | |
| SERAFIN CASTILLO-CAMPOS, | § | |
| | § | |
| Defendant. | § | |

## SENTENCING MEMORANDUM

This is a drug case. The defendant, Serafin Castillo-Campos, was born in Mexico and is a Mexican citizen. He is one of five brothers and sisters. He grew up in a rural area of Mexico and began working on farms when he was 13 years old—the age, more or less, when he dropped out of school. His primary language is Spanish, although his (Spanish) reading and writing skills are well below average. Like many poor Mexicans who are unable to pay their way out of military service, he has served in the Mexican Army. He first came to the United States when he was 19 years old, entering on a work visa to work on North Carolina tobacco farms with his father, who had already been working here. He has come and gone several times. He has two children—ages ten and six—with his ex-wife, Beatrice. He supports his children financially and is in regular contact with them. His children have submitted letters to the Court in in support of him. Prior to his arrest, Mr. Castillo was living with his common-law wife, Adriana Campos, in Randleman, and working as a cook at the O'Charley's restaurant in Charlotte. Ms. Campos, for her part, is a hotel housekeeper. They do not have any children together.

There are three defendants in this case. Two of the defendants—Luis Eden Albarran "Cruz" and Tomas Lara "Cruz"—are cousins. Mr. Castillo is their uncle by marriage, though he does not know either of those defendants well. Several days before Mr. Castillo's arrest, Luis Albarran showed up at Mr. Castillo's door wanting to borrow his house to transform "liquid"

**DEFENDANT'S SENTENCING MEMORANDUM……………………………………….PAGE 1**

methamphetamine back into "crystal" methamphetamine for distribution to his cousin, Tomas, who had been dealing methamphetamine in the local area. Luis, also from Mexico, has recently lived in Texas. As the Court may know, unlike the early days of methamphetamine conspiracies—in which groups of drug addicts pooled their efforts and resources to manufacture methamphetamine in small rural laboratories here in the United States—methamphetamine is now manufactured abroad, in Mexico, in large-scale labs, then smuggled into the United States. To conceal the already-made methamphetamine, smugglers frequently mix "crystal" with water, then smuggle the mixture into the United States within liquid containers such as soda bottles, water jugs, and, as here, car washer-fluid bottles. Once here, the liquid is boiled out, returning the substance to its "crystal" form. Thus, a modern-day methamphetamine "cook" is much different than the "cook" of years past; while the "cook" in years past was the leader of the conspiracy and highly trained in the intricate process of turning cough medicine, anhydrous ammonia, batteries, and other things into "crystal" methamphetamine, today's "cook," for all intents and purposes, boils water. In this case, Luis had smuggled a gallon of "liquid" methamphetamine from Mexico to North Carolina—which, again, was just "crystal" methamphetamine with water added to conceal it—and he needed a place to boil out the water. Unfortunately for Mr. Castillo, and the reason why we're here, Mr. Castillo permitted Luis to do so at his house. That is the sum total of Mr. Castillo's involvement in this case.

Given the charges to which Mr. Castillo has already pleaded guilty, we realize that this Court must sentence him to at least the mandatory minimum of 120 months. That is the appropriate sentence in this case, and we ask that such a sentence be imposed. As the case agents have confirmed, Mr. Castillo was not a large-scale drug dealer. This case began when Tomas Lara was caught dealing methamphetamine to a confidential informant. Following Tomas's arrest, he took the police to Mr. Castillo's house where his cousin, Luis, and Mr. Castillo were located. That was the first time that anyone—including both the confidential informant and the police—had ever heard of Mr.

**DEFENDANT'S SENTENCING MEMORANDUM………………………………………….PAGE 2**

Castillo. Granted, much has been made of some cash and a small peashooter found in Mr. Castillo's house. The cash ($7,452) was concealed in picture frames; the suggestion is that hidden cash equals "large scale drug dealer." But there is an innocent explanation. The cash was raised to bond Ms. Campos (Mr. Castillo's common-law wife) out of immigration detention. She, like Mr. Castillo, is undocumented, and she'd been arrested a couple of weeks before and an immigration detainer was placed on her. Moreover, unlike someone legally residing in the United States, Mr. Castillo, being undocumented, couldn't legally open a bank account. Thus, he had no choice but to stuff the cash under his pillow. As for the gun, Mr. Castillo lived in a rural area of North Carolina. In rural Mexico, you take your safety into your own hands. Even here, it isn't unreasonable for someone living in a rural area to have a gun for protection. Besides, large-scale drug dealers don't depend on .22 caliber pistols; they use .9 millimeters or .40 calibers, or perhaps assault rifles or shotguns. If Mr. Castillo would have had to repel an assault from drug bandits, he'd have been overrun with his measly .22. In the end, ten years is a stiff enough price to pay for Mr. Castillo's conduct. We ask that no more than such a sentence be imposed.

    Dated this 27th day of August, 2013.

        Respectfully Submitted,

        THE LAW OFFICE OF
        FAGERBERG & ARANA

        By /s/ Thomas C. Fagerberg
           Thomas C. Fagerberg
           907 Rio Grande
           Austin, Texas 78701
           T: 512-610-1090
           F: 512-610-1099
           TCSwede@gmail.com

        *Attorney for Serafin Castillo-Campos*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Sentencing Memorandum has been served this date by electronically filing via the Court's CM/ECF system, which will automatically notify all parties of record, including Assistant U.S. Attorney Sandra Hairston.

/s/ Thomas C. Fagerberg
Thomas C. Fagerberg

**DEFENDANT'S SENTENCING MEMORANDUM………………………………………….PAGE 4**